No. 22-11024

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

IN RE: TALAL QAIS ABDULMUNEM AL ZAWAWI,

DEBTOR IN A FOREIGN PROCEEDING.

_____

_____

TALAL QAIS ABDULMUNEM AL ZAWAWI,

PLAINTIFF - APPELLANT,

v.

COLIN DISS, ET AL,

DEFENDANTS - APPELLEES.

_____

On Appeal from the United States District Court for the
Middle District of Florida No. 6:21-cv-00894-GAP (Presnell, J.)

## MOTION FOR LEAVE TO FILE
## *AMICUS CURIAE* BRIEF IN SUPPORT
## OF APPELLEE AND AFFIRMANCE

Jacqueline Calderin
Robert P. Charbonneau
Agentis Law
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Tel. 305.722.2002
*JC@agentislaw.com*
*RPC@agentislaw.com*

*Attorneys for Amici Curiae*

# CERTIFICATE OF INTERESTED PERSONS

In compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1–26.1-3, *Amici Curiae* American College of Bankruptcy, Daniel Glosband, Jay Westbrook, Patricia Redmond, and Allan L. Gropper, identify all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case:

Al Zawawi, Talal Qais Abdulmunem
Blanco, Leyza F.
Davie, Hannah
Diss, Colin
Grant Thornton UK LLP
Hammoud, Leila Kassem
Hawthorne Groves Apartments, Inc.
Hawthorne Village at Port Orange, Inc.
Herron Jr., Kenneth D.
IMF Bentham Row SPV 1 Limited
Leeds, Michael
Omni Bridgeway LTD (Ticker symbol MXG1.HM)
Qapa Holdings, Inc.
Qapa Investing Company U.S.A., Inc.
Qapa Investing Corporation, N.V.
Sequor Law, P.A.
Texas Q Zone, Inc.
Vicens Beard, Cristina

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, *Amici Curiae* American College of Bankruptcy, Daniel Glosband, Jay Westbrook, Allan L. Gropper, and Patricia Redmond identify any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation:

1. There is no such corporation.

Respectfully submitted,

*/s/ Jacqueline Calderin*
Jacqueline Calderin
Robert P. Charbonneau
Agentis Law
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Tel. 305.722.2002
*JC@agentislaw.com*
*RPC@agentislaw.com*

*Counsel for Amici Curiae*

Dated: September 19, 2022

Pursuant to Federal Rule of Appellate Procedure 27 and 29 and Eleventh Circuit Rule 29-1, *Amici Curiae*, the American College of Bankruptcy (the "College") Daniel M. Glosband of Goodwin Procter LLP ("Mr. Glosband"), Professor Jay L. Westbrook of the University of Texas School of Law ("Professor Westbrook"), Patricia Redmond ("Ms. Redmond"), and Allan L. Gropper ("Mr. Gropper"), and together with the ACB, Mr. Glosband, Professor Westbrook, and Ms. Redmond, the "Movants") respectfully move this Court for leave to file the accompanying *amici curiae* brief in the above-captioned matter in support of the Appellee.

**I. Movants' Interest.**

Movants have an abiding interest in cross-border insolvency law and the integrity of chapter 15 of the Bankruptcy Code.[1]

The American College of Bankruptcy is an organization of lawyers, judges, academics and other insolvency professionals from the United States and around the world, all of whom are selected and invited to join as fellows based on years of achievement in their chosen professions and service to the bar, community and profession. As set forth in its Mission Statement, the College is "dedicated to the

---

[1] All statutory references are to title 11 of the United States Code, 11 U.S.C. § 101, *et seq* (the "Bankruptcy Code") unless otherwise indicated.

1

enhancement of professionalism, scholarship and service in the bankruptcy and insolvency law and practice."[2]

Mr. Glosband and Professor Westbrook were part of the "small drafting group" that drafted the UNCITRAL Model Law on Cross Border Insolvency (the "Model Law"),[3] and served as the primary draftsmen assisting the Department of State and Congress in drafting chapter 15, which was added to the Bankruptcy Code in 2005.

Professor Westbrook, one of the nation's most distinguished scholars in the field of bankruptcy, was co-head of the United States delegation to the United Nations Commission on International Trade Law ("UNCITRAL") that created the UNCITRAL Model Law on Cross-Border Insolvency and Mr. Glosband was the principal representative of the International Bar Association.

Patricia Redmond has practiced in the area of bankruptcy and insolvency in the Southern District of Florida for over forty years. She currently serves as Chairperson of the Board of Regents of the College. Ms. Redmond has represented Foreign Representatives and affected parties in chapter 15 cases before the lower courts and in this Court.

---

[2] The Mission Statement and other information about the College and its Fellows can be found at https://www.americancollegeofbankruptcy.com/.

[3] The Model Law has now been adopted by 45 jurisdictions. *See* http://www.uncitral.org/uncitral/en/uncitral_texts/insolvency/1997Model.html.

Mr. Gropper is a retired bankruptcy judge for the Southern District of New York. In addition to opinions under chapter 15 and its predecessor, section 304 of the Bankruptcy Code, Mr. Gropper is a co-editor of a text, International Insolvency, and has frequently written on cross-border and international insolvency issues.

**II. The Proposed Amici Curiae Brief Is Desirable And Relevant To The Disposition Of The Case**

Movants request leave to file the *amici curiae* brief attached hereto as **Exhibit "A"** (the "Proposed *Amici Curiae* Brief") to assist the court in analyzing the first of two issues designated by Appellants: "Whether 11 U.S.C §109(a) of the Bankruptcy Code applies in cases under Chapter 15 of the Bankruptcy Code." Movants take the position that the District Court and the Bankruptcy Court correctly declined to apply the debtor-eligibility requirements of Section 109(a) to the recognition under Chapter 15 of a bankruptcy proceeding pending in the United Kingdom against Talal Qais Abdulmunem Al Zawawi (the "Debtor"). Whether the Section 109(a) requirements are appropriately applied to the question of the recognition of a foreign proceeding under chapter 15 is essential to the disposition of the appeal.

Movants have written extensively on international insolvency law and chapter 15, and they participated in drafting a January 2016 letter to Congress from the National Bankruptcy Conference proposing, *inter alia*, a statutory revision that reflects the position presented in the Proposed *Amici Curiae* Brief.

Movants respectfully submit that consideration of *amicus curiae* briefing is desirable and, in the Proposed *Amici Curiae* Brief, they offer what they believe is helpful background regarding the history and rationale of the Model Law and Chapter 15, as well as analysis of the applicable statutes and case law.

Counsel for Movants has: (a) conferred with counsel for the Appellees, who has consented to the relief sought herein; (b) reached out to counsel for the Debtor, both by telephone and electronic mail in a good faith effort to resolve by agreement the relief requested in the Motion and has been unable to do so as of the filing of this Motion.

**CONCLUSION**

Movants respectfully request that this Honorable Court accept and consider the Proposed *Amici Curiae* Brief.

Dated: September 19, 2022

*/s/ Jacqueline Calderin*
Jacqueline Calderin
Robert P. Charbonneau
Agentis Law
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Tel. 305.722.2002
*JC@agentislaw.com*
*RPC@agentislaw.com*

*Counsel for Amici Curiae*