No. 22-11024

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

IN RE: TALAL QAIS ABDULMUNEM AL ZAWAWI,

DEBTOR IN A FOREIGN PROCEEDING.

_____

TALAL QAIS ABDULMUNEM AL ZAWAWI,

PLAINTIFF - APPELLANT,

V.

COLIN DISS, ET AL,

DEFENDANTS - APPELLEES.

_____

On Appeal from the United States District Court for the
Middle District of Florida No. 6:21-cv-00894-GAP (Presnell, J.)

### BRIEF OF AMICI CURIAE IN SUPPORT
### OF APPELLEE AND AFFIRMANCE

Jacqueline Calderin
Robert P. Charbonneau
Agentis Law
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Tel. 305.722.2002
*JC@agentislaw.com*
*RPC@agentislaw.com*

*Attorneys for Amici Curiae*

**TABLE OF CONTENTS**

**CERTIFICATE OF INTERESTED PERSONS** ..............................................C-1

**CORPORATE DISCLOSURE STATEMENT** ...............................................C-2

**TABLE OF AUTHORITIES** ....................................................................... i

**INTEREST OF AMICI CURIAE** ...................................................................4

**STATEMENT OF COMPLIANCE WITH RULE 29(a)** ....................................4

**STATEMENT OF THE ISSUES** ....................................................................4

**SUMMARY OF ARGUMENT** ......................................................................4

**CHAPTER 15 OF THE BANKRUPTCY CODE** .............................................7

**ARGUMENT** ............................................................................................10

   **I.  THE DIFFERENT CASE COMMENCEMENT STRUCTURES UNDER
   THE PLENARY CHAPTERS AND CHAPTER 15 PREVENT THE
   APPLICATION OF SECTION 109(a) TO RECOGNITION** .........................10

   **II.  THE SEPARATE DEFINITION OF DEBTOR FOR PURPOSES OF
   CHAPTER 15 PRECLUDES THE APPLICATION OF SECTION 109(a)
   TO RECOGNITION** ...............................................................................16

   **III.  APPLYING SECTION 109(a) TO CASES FILED UNDER CHAPTER
   15 WOULD DRASTICALLY LIMIT THE RELIEF AVAILABLE UNDER
   THAT CHAPTER AND UNDERMINE ITS PURPOSES.** ...........................18

**CONCLUSION** .........................................................................................24

**CERTIFICATE OF INTERESTED PERSONS**

In compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1–26.1-3, *Amici Curiae* American College of Bankruptcy, Daniel Glosband, Jay Westbrook, Patricia Redmond, and Allan L. Gropper, identify all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case:

Al Zawawi, Talal Qais Abdulmunem
Blanco, Leyza F.
Davie, Hannah
Diss, Colin
Grant Thornton UK LLP
Hammoud, Leila Kassem
Hawthorne Groves Apartments, Inc.
Hawthorne Village at Port Orange, Inc.
Herron Jr., Kenneth D.
IMF Bentham Row SPV 1 Limited
Leeds, Michael
Omni Bridgeway LTD (Ticker symbol MXG1.HM)
Qapa Holdings, Inc.
Qapa Investing Company U.S.A., Inc.
Qapa Investing Corporation, N.V.
Sequor Law, P.A.
Texas Q Zone, Inc.
Vicens Beard, Cristina

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, *Amici Curiae* American College of Bankruptcy, Daniel Glosband, Jay Westbrook, Allan L. Gropper, and Patricia Redmond identify any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation:

1.      There is no such corporation.

Respectfully submitted,

*/s/ Jacqueline Calderin*
Jacqueline Calderin
Robert P. Charbonneau
Agentis Law
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Tel. 305.722.2002
*JC@agentislaw.com*
*RPC@agentislaw.com*

*Counsel for Amici Curiae*

Dated:  September 19, 2022

# TABLE OF AUTHORITIES

| Cases | Page(s) |
|---|---|

*In re ABC Learning Centres Ltd.*,
   728 F.3d 301 (3d Cir. 2013) ...............................................................13

*In re Aerovias Nacionales De Colombia S.A. Avianca*
   303 B.R. 1 (Bankr. S.D.N.Y. 2003)........................................................15

*In re Al Zawawi*,
   637 B.R. 663 (M.D. Fla. 2022)........................................................12, 13

*In re Ascot Fund Ltd.*,
   603 B.R. 271 (Bankr. S.D.N.Y. 2019)...................................................23

*In re Cell C Proprietary Ltd.*,
   571 B.R. 542 (Bankr. S.D.N.Y. 2017).....................................................23

*Georg v. Parungao (In re Goerg)*,
   844 F.2d 1562 (11th Cir. 1988) ...........................................................17

*In re Global Ocean Carriers, Ltd.*,
   251 B.R. 31 (Bankr. D. Del. 2000)........................................................23

*In re Iglesias*,
   226 B.R. 721 (Bankr. S.D.Fla. 1998) ...................................................20

*Jaffe v. Samsung Elecs. Co., Ltd.*,
   737 F.3d 14 (4th Cir. 2013) ...............................................................13

*In re Katherine Elizabeth Barnet*,
   737 F.3d 238 (2d Cir. 2013) ......................................................*passim*

*In re Lee*,
   472 B.R. 156 (Bankr. D. Mass. 2012) ..................................................21

*In re Markus*,
   610 B.R. 64 (Bankr. S.D.N.Y. 2019).....................................................21

*In re Massa Falida do Banco Cruzeiro do Sol, S.A.*, 567 B.R. 212
   (Bankr. S.D. Fla. 2017) ....................................................................21

i

*In re Massa Falida do Banco Cruzeiro do Sol, S.A.*, 2021 WL 734865
(Bankr. S.D. Fla. Jan. 15, 2021) ...........................................................21

*In re Modern Land (China) Co.*,
2022 WL 2794014 (Bankr. S.D.N.Y. Jul. 18, 2022) ...................................19, 20

*In re Nordic Aviation Capital Designated Activity Company*,
Case. No. 20-11410, Doc. No. 29 (Bankr. S.D.N.Y. Jul. 24, 2020) .................20

*In re Rede Energia, S.A.*,
515 B.R. 69 (Bankr. S.D.N.Y. 2014)....................................................19

*In re Suntech Power Holdings Co. Ltd.*,
520 B.R. 399 (Bankr. S.D.N.Y. 2014)..................................................23

*Taggart v. Lorenzen*,
139 S. Ct. 1795 (2019)....................................................................22

*In re Vitro S.A.B. de C.V.*,
701 F.3d 1031 (5th Cir. 2017) .........................................................19

**Statutes**

11 U.S.C. §101(13) ...........................................................................5, 6, 17

11 U.S.C. §101(23) .........................................................................4, 12, 13, 15

11 U.S.C. §101(24) .........................................................................4, 12, 15

11 U.S.C. §103...............................................................................9, 14

11 U.S.C. §109............................................................................. *passim*

11 U.S.C. §1501...........................................................................6, 15, 18, 19

11 U.S.C. §1502...........................................................................*passim*

11 U.S.C. §1506.............................................................................7, 8

11 U.S.C. §1508.............................................................................8

11 U.S.C. §1509.............................................................................5, 8

11 U.S.C. § 1511 ............................................................................14

11 U.S.C. § 1515 ................................................................................10

11 U.S.C. § 1517 .........................................................................*passim*

11 U.S.C. § 1521 ................................................................................17

28 U.S.C. § 1782 ................................................................13, 15, 16

**Other Authorities**

H.R. Rep. No. 109-31, 109th Cong., 1st Sess. (2005), reprinted in
2005 U.S.C.C.A.N. 88 ................................................................7

Model Law on Cross-Border Insolvency ...........................................*passim*

Oscar Couwenberg, Stephen J. Lubben, *Corporate Bankruptcy
Tourists*, 70 Bus. Lwr. 719 (2015)........................................15

# INTEREST OF AMICI CURIAE[1]

The undersigned submit this brief *amici curiae* ("*amici*") to assist the court in analyzing the question posed in this case: is the presence of property of a foreign debtor in the United States a condition to or even germane to granting recognition of a foreign proceeding under chapter 15 of the Bankruptcy Code.[2] In that regard, is the statutory language of section 109(a) susceptible to a "plain meaning" analysis that requires the Court to apply such a requirement.[3]

The *amici* respectfully submit that they are well situated to assist this Court in construing the provisions of chapter 15.

- The American College of Bankruptcy is an organization of lawyers, judges, academics and other insolvency professionals from the United States and around the world, all of whom are selected and invited to join as fellows based on years of achievement in their chosen professions and service to the bar, community and profession. As set forth in its Mission Statement,

---

[1] *See* the contemporaneously filed *Motion for Leave to File Brief as Amici Curiae in Support of Appellee*.

[2] All statutory references are to title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") unless otherwise indicated. Chapter 15 comprises §§1501-1532 of the Bankruptcy Code.

[3] Section 109(a) states, in pertinent part, "(a) . . . only a person that resides or has a domicile, a place of business, or property in the United States . . . may be a debtor under this title [11]." As further discussed below, the *amici* do not believe the Court need address a second issue discussed in the principal briefs, whether the Appellees have carried their burden of proving that Appellant owns property in the United States sufficient to satisfy the requirements of §109(a).

the College is "dedicated to the enhancement of professionalism, scholarship and service in bankruptcy and insolvency law and practice."[4]

- Patricia Redmond has practiced in the area of bankruptcy and insolvency in the Southern District of Florida for over forty years. She currently serves as Chairperson of the Board of Regents of the College. Ms. Redmond has represented Foreign Representatives and affected parties in chapter 15 cases before the lower courts and in this Court.

- Daniel Glosband, together with Professor Jay L. Westbrook of the University of Texas, were part of the "small drafting group" that drafted the UNCITRAL Model Law on Cross-Border Insolvency ("Model Law") and then served as the primary draftsmen assisting the Department of State and the Congress in drafting its American version, chapter 15 of the Bankruptcy Code. Mr. Glosband has represented foreign representatives in filing petitions for recognition under chapter 15 and in seeking relief under that chapter of the

---

[4] The Mission Statement and other information about the College and its Fellows can be found at https://www.americancollegeofbankruptcy.com/.

Bankruptcy Code. He has written extensively on chapter 15 and is the author of the chapters in the leading text on bankruptcy, Collier on Bankruptcy (16th Ed.), that discuss chapter 15.

-   Professor Westbrook is the country's leading law professor in the field of international and cross-border insolvency. In addition to writing extensively on international insolvency law and chapter 15, he was co-head of the United States delegation that drafted the Model Law on Cross-Border Insolvency.

-   Allan L. Gropper is a retired bankruptcy judge for the Southern District of New York. In addition to opinions under chapter 15 and its predecessor, section 304 of the Bankruptcy Code, Mr. Gropper is a co-editor of a text, International Insolvency, and has frequently written on cross-border and international insolvency issues.

## STATEMENT OF COMPLIANCE WITH RULE 29(a)

No party or party's counsel authored this brief in whole or in part; no party or party's counsel contributed money to fund the preparation or submission of this brief. No person, other than *amici curiae*, its members or its counsel, contributed money that was intended to fund preparing or submitting the brief.

## STATEMENT OF THE ISSUES

Whether the District Court and the Bankruptcy Court were correct as a matter of law in concluding that section 109(a) does not apply to the recognition of a foreign proceeding under chapter 15 of the United States Bankruptcy Code.

## SUMMARY OF ARGUMENT

The question in this case is whether the Bankruptcy Code requires that a debtor that is the subject of a foreign proceeding, as defined in section 1502(1) (a "§1502 Debtor") have a domicile, a place of business or property in the United States (a "U.S. Presence") as a condition to granting the petition of a foreign representative for recognition of the foreign proceeding under chapter 15 ("Recognition").[5] Recognition is a determination by the Bankruptcy Court that a foreign representative

---

[5] *See* §101(23): "The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." and §101(24): "The term "foreign representative" means a person or body… authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.". The location of these definitions in section 101 is a legacy; the same terms, differently defined, applied under section 304 and the definitions were modified for purposes of chapter 15 but not relocated.

of a foreign proceeding has the capacity to request assistance from the Bankruptcy Court or other courts in the United States.[6]

Section 109(a) requires that a debtor have a U.S. Presence before it can be a "debtor in a case under this title" under chapters 7, 9, 11, 12 and 13 (the "Plenary Chapters") as specified in sections 109(b) – (f). Section 109(a) adopts the language of the definition of "debtor" in section 101(13) as "a person … concerning which a case under title 11 has been commenced" (a "§101(13) Debtor"). Section 109 nowhere mentions ancillary cases under chapter 15 and nowhere employs the definition of a §1502 Debtor. Structural, definitional and practical implications of chapter 15 make clear that the U.S. Presence requirement does not and should not apply to Recognition.

Contrary to the position taken by Appellant, that there would be no point to a chapter 15 petition if a foreign debtor did not have a U.S. Presence, that requirement has no relevance to Recognition or, especially, to relief available to a foreign representative in situations where a foreign representative needs relief to affect creditors or other persons in the United States, for example to enforce a modification or discharge of debts pursuant to a restructuring in the foreign proceeding when those debts are evidenced by notes issued under an indenture governed by New York law. In addition, as in the within case, the foreign representative may need to take

---

[6] §1509(b).

discovery to determine whether the §1502 Debtor has property in the United States that should be administered in the foreign proceeding. Requiring proof of a U.S. Presence before granting the Recognition necessary for the foreign representative (a) to address issues related only to non-debtor parties to a restructuring or (b) to discover whether there is property that comprises a U.S. Presence would be self-defeating and would thwart two of the stated purposes of chapter 15, "the protection and maximation of the value of the debtor's assets" and the "facilitation of the rescue of financially troubled businesses".[7] As discussed below, Recognition is appropriate in such cases even if the debtor has no U.S. Presence.

The structure for commencement of cases under the Plenary Chapters and under chapter 15 is different and precludes the application of section 109(a) and the U.S. Presence test to chapter 15 Recognition. The separate definitions of "debtor" in section 101(13) and in section 1502(1) reinforce the inapplicability of section 109(a) to Recognition. The structural and definitional distinctions obviate the efficacy a plain meaning analysis of section 109(a). Finally, the practical incongruities of requiring the §1502 Debtor to have a U.S. Presence as a condition to Recognition confirms that the section 109(a) requirement cannot have been intended to apply to Recognition.

---

[7] 11 U.S.C. §1501(a)(3), (5).

In a case under chapter 15, whether the §1502 Debtor has a U.S. Presence is irrelevant while the application of section 109(a) would stand in the way of providing the assistance that chapter 15 was designed to enable and would undermine its purposes.

## CHAPTER 15 OF THE BANKRUPTCY CODE

Chapter 15, entitled "Ancillary and Other Cross-Border Cases" governs the recognition of foreign insolvency proceedings in the United States and the relief available to foreign representatives.  Adopted in 2005, it amplified,  replaced and repealed former section 304 of the Code.[8]  It "incorporates the Model Law on Cross-Border Insolvency to encourage cooperation between the United States and foreign countries with respect to transnational insolvency cases" and, as implied by its title, "[c]ases brought under chapter 15 are intended to be ancillary to cases brought in a debtor's home country, unless a full United States bankruptcy case is brought under another chapter."[9]  Chapter 15 contains definitions in section 1502, a provision in section 1506 that permits a court to refuse to grant Recognition or relief if either would be "manifestly contrary to the public policy of the United States" and a

---

[8] Chapter 15, Ancillary and Other Cross-Border Cases, and related amendments to Titles 11 and 28 were adopted as Sections 801 and 802 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). House Judiciary Committee Report 109-31 accompanied S.256, the legislation embodying BAPCPA in both the House and the Senate. H.R. Rep. No. 109-31, 1 *et seq.*, 109th Cong., 1st Sess. (2005), reprinted in 2005 U.S.C.C.A.N. 88 (the "House Report" or H.R. Rep.").  The House Report serves as the legislative history for chapter 15 and recurrently refers to the Model Law and the Guide to Enactment and Interpretation ("Guide") to further explain the provisions of chapter 15. H.R. Rep. No. 109-31, 105-119.
[9] H.R. Rep. Title VIII and §801.

mandate in section 1508 to interpret the chapter in light of its international origin.[10]

Recognition is the key that opens the door to the Bankruptcy Court and other state

and federal courts for the foreign representative:

> [section 1509] imposes recognition of the foreign proceeding as a condition to further rights and duties of the foreign representative. If recognition is granted, the foreign representative … may request such relief in a state or Federal court other than the bankruptcy court Subsections … make it clear that chapter 15 is intended to be the exclusive door to ancillary assistance to foreign proceedings.

Section 1517 governs Recognition while other sections govern relief or

assistance to the foreign representative.[11]  Nothing in chapter 15 permits a §1502

debtor to commence a chapter 15 case or seek relief or assistance; those perquisites

are reserved to the foreign representative.

Chapter 15 is a statute with significant international heritage as the United

States implementation of the Model Law on Cross-Border Insolvency adopted by

the United Nations Commission on International Trade Law (UNCITRAL) in1997.[12]

The Model Law was accompanied by a Guide to Enactment (now the Guide to

---

[10] 11 U.S.C. §§1502, 1506, 1508.

[11] While there are other aspects to chapter 15, this brief discusses only those portions that are directly relevant to the issue on appeal.

[12]  The Model Law has now been adopted in whole or in part by 55 jurisdictions.  *See* https://www.uncitral.un.org/en/texts/ insolvency/ modellaw/cross-border_insolvency/status.  A model law, unlike a treaty, serves as a model for the enactment of domestic legislation and need not be adopted by every nation in precisely the same form.  Although the United States adopted the Model Law in large part, and the sections of chapter 15 correspond to the articles of the Model Law (e.g., section 1517 corresponds to Article 17 of the Model Law), it amended some of the provisions.  None is material to the issues in this case.

Enactment and Interpretation) to assist nations in considering adoption of the law.[13]

The Model Law, like chapter 15, is designed to facilitate the procedure by which a "receiving court" will recognize and give assistance to a foreign insolvency proceeding. Chapter 15 thus governs the extent to which the United States courts will recognize foreign proceedings and assist foreign trustees, estate administrators or other designated representatives of foreign insolvency proceedings in their efforts to discharge their duties.

Chapter 15 was adopted as one of nine chapters of the Bankruptcy Code.[14] Unlike the Plenary Chapters, which provide for full or plenary proceedings, chapter 15 uniquely provides for an "ancillary" proceeding designed to aid a foreign representative. Congress provided in section 103 for the relationship of chapter 15 with the other chapters and section 103(a), which provides *inter alia* that "this chapter [1] appl[ies] "in a case under chapter 15." Appellant's position, rejected by the Courts below, is that section 103(a) makes section 109(a) and its U.S. Presence requirement applicable in a chapter 15 case simply because section 109(a) is a part

---

[13] The Model Law and Guide to Enactment and Interpretation can be found at www.UNCITRAL.org. The Guide was updated in 2013 but nearly all of the original text remains, with different paragraph numbering. Citations in this brief are to the updated Guide.

[14] The other chapters of the Code are 1-General Provisions; 3- Case Administration; 5-Creditors, the Debtor and the Estate; 7- Liquidation; 9-Adjustment of Debts of a Municipality; 11-Reorganization; 12- Adjustment of Debts of a Family Farmer or Fisherman with Regular Annual Income; and 13-Adjustment of Debts of an Individual with Regular Income. Chapters 7, 11, 12 and 13 provide for full or plenary proceedings under the Bankruptcy Code. Chapter 15, as its title indicates, is an "Ancillary Proceeding" meant to assist the representative of a foreign proceeding.

of chapter 1.  For the reasons stated below, we respectfully submit that the Courts

below were correct in finding that there is no such requirement.

## ARGUMENT

## I.  THE DIFFERENT CASE COMMENCEMENT STRUCTURES UNDER THE PLENARY CHAPTERS AND CHAPTER 15 PREVENT THE APPLICATION OF SECTION 109(a) TO RECOGNITION

Section 1504, Commencement of ancillary case, requires the filing of a petition for

Recognition under section 1515.   Section 1515 sets forth the procedural and

evidentiary requirements of the petition.    Section 1517, Order granting recognition,

states:

> **(a)**Subject to section 1506, after notice and a hearing, an order recognizing a
> foreign proceeding shall be entered if—
>
> **(1)** such foreign proceeding for which recognition is sought is a foreign
> main proceeding or foreign nonmain proceeding within the meaning of
> section 1502;
>
> **(2)** the foreign representative applying for recognition is a person or
> body; and
>
> **(3)** the petition meets the requirements of section 1515.

None of these sections say anything about the §1502 Debtor or a U.S. Presence and

all require the court to enter an order of Recognition if appropriate.  In contrast, the

sections governing the commencement of cases under the Plenary Chapters (sections

301-303) all require that the §101(13) Debtors be entities or persons that may be a

debtor under the pertinent Plenary Chapter.  Section 109(a) establishes the U.S.

Presence requirement applicable to cases under the Plenary Chapters while 109(b) through (f) specify the attributes required to be a debtor under each of the respective Plenary Chapters. As noted above, no subsection of section 109 mentions chapter 15.

The Guide makes it clear that the foreign proceeding of the §1502 Debtor, not the debtor itself, is the subject of the Model Law and confirms that the lower Courts were correct to disregard the attributes of the foreign debtor:

> In principle, the Model Law was formulated to apply to any proceeding that meets the requirements of article 2, subparagraph *(a)*[definition of foreign proceeding], *independently of the nature of the debtor* or its particular status under national law . . . .[15] (emphasis supplied).

Congress ratified this approach; the Legislative History to chapter 15 states:

> Sec. 1517. Order granting recognition. This section closely tracks article 17 of the Model Law, with a few exceptions. The decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings. The requirements of this section, which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition.[16]

Thus, in deciding whether to grant Recognition, the receiving court is limited to the jurisdictional pre-conditions set out in the definition of foreign proceeding. The foreign representative files the petition and none of the § 1517 Recognition requirements involve the foreign debtor.[17]

---

[15] Guide, ¶ 55.

[16] H.R. Rep. at 106, n.104. The House Report also cites paragraph 60 of the 1997 Guide (paragraph 55 of the updated Guide) which says that the Model Law applies "irrespective of the nature of the debtor," Congress thereby confirmed that chapter 15, like the Model Law, applies to any proceeding that meets the ¶1517 requirements without regard to the attributes of the debtor. H.R. Rep. at 106, n.104.

[17] Pursuant to § 1517(b), recognition requires that the foreign proceeding be either a foreign main proceeding or a foreign nonmain proceeding. Section 1502(4) states that a "'foreign main proceeding' means a foreign proceeding

Similarly, none of the Bankruptcy Code provisions that confer benefits or impose duties on "debtors" or that create an "estate" of the debtor's property apply to §1502 Debtors. Chapter 15 provides "ancillary assistance" to a foreign proceeding if the foreign proceeding and the foreign representative satisfy the definitional criteria of sections 101(23) and 101(24). Conversely, eligibility is determined under section 109(a) for cases under the Plenary Chapters which provide benefits to and impose duties on a "debtor," i.e., a §101(13) Debtor and the entity that has filed a plenary petition (or is subject of an involuntary filing) under the Bankruptcy Code.

The structural differences between case commencement procedures and requirements confine section 109(a) to the Plenary chapters and make it inapplicable to chapter 15. The District Court correctly held that chapter 15 eligibility is determined solely under section 1517:

> Section 1517 directs courts to 'recogniz[e] a foreign proceeding' if three elements are met. 11 U.S.C. sec. 1517(a). Al Zawawi does not dispute that those elements were met but asserts that Appellees had to satisfy a requirement otherwise absent from Section 1517: that Al Zawawi had 'property in the United States under Section 109(a). *In re Al Zawawi,* 637 B.R. 663, 666 (M.D. Fla. 2022).

The District Court rejected Appellant's argument, correctly stating that "Recognition is not premised upon a foreign debtor having a domicile, residence,

---

pending in the country where the debtor has the center of its main interests" while § 1502(5) states that a "'foreign nonmain proceeding' means a foreign proceeding, other than a foreign main proceeding, pending in a country where the debtor has an establishment."

place of business, or property in the United States." 637 B.R. at 668.[18] As the District and Bankruptcy Courts below recognized, while the definition of foreign proceeding in section 101(23) requires that the assets and affairs of the §1502 Debtor be subject to the foreign court's control or supervision, the debtor itself is otherwise extraneous to recognition of a foreign proceeding.

Much of the briefing by Appellant relies on the only Circuit Court decision directly on point, the Second Circuit's decision in *In re Katherine Elizabeth Barnet,* 737 F.3d 238 (2d Cir. 2013) ("*Barnet*"), which held that section 109(a) applies to Recognition. While *amici* do not take lightly a request to this Court to decide that the *Barnet* decision is incorrect, we submit that the Bankruptcy and District Courts below rightly rejected *Barnet* as contrary to the structure, language and purpose of chapter 15.

In *Barnet*, the liquidators of an Australian Fund, Octaviar Pty Ltd., filed a chapter 15 petition in the Bankruptcy Court for the Southern District of New York. They sought Recognition and discovery under chapter 15 and filed a simultaneous proceeding seeking discovery under the provisions of 28 U.S.C. § 1782. The foreign debtor objected to Recognition under chapter 15, asserting that section 109(a)

---

[18] The District Court cited *Jaffe v. Samsung Elecs. Co., Ltd.,* 737 F.3d 14, 24 (4th Cir. 2013), where the Circuit Court said, "If the [recognition] petition meets the requirements listed in sec. 1517, the court *must* enter an order granting recognition of the foreign proceeding." (emphasis in original); and *In re ABC Learning Centres Ltd.,* 728 F.3d 301, 306 (3d Cir. 2013), where the Circuit Court similarly stated that "Chapter 15 … mandate[es] recognition when a foreign proceeding meets Section 1517 recognition requirements." (citation omitted).

applied.  The Bankruptcy Court granted Recognition but also certified direct appeal to the Second Circuit.  The Court of Appeals held that the foreign proceeding could not be recognized because the Model Law provides in section 103 that chapter 1 of the Bankruptcy Code applies in a chapter 15 case and the Liquidators failed to prove that the debtor had a U.S. Presence, as mandated by one of the sections of chapter 1, section 109(a).

In an extraordinary last paragraph, the Court recognized the anomaly of its holding by directing the Clerk of the Court to forward copies of its decision to Congress "following the specified protocol adopted by the Judicial Conference," so that Congress could consider amendment to the statute.  *Barnet*, 737 F.3d at 251. We respectfully submit that the Court's conclusion was anomalous but that it was not required by the plain terms of the statute.  The Court claimed to follow plain meaning analysis, as now proffered by the Appellant, and held in effect that because section 103(a) states "(a) . . . this chapter [1] . . . appl[ies] in a case under chapter 15" and ruled that since section 109(a) is in chapter 1, it applied.  *Id.*

The *Barnet* Court said that failure to apply section 109(a) in every Chapter 15 would render the application of chapter 1 and section 109 to chapter 15 cases "meaningless".  But section 1511 of Chapter 15 expressly permits a foreign representative to file a petition commencing a plenary case on behalf of the §1502 Debtor under one of the other chapters of the Bankruptcy Code.  If the foreign

representative does so, he would have to demonstrate that the debtor satisfied the eligibility requirements of section 109(a) as the §1502 debtor would then become "a debtor under this title."[19]

There were other reasons for Congress to make Chapter 1 of the Bankruptcy Code applicable in Chapter 15 cases. For example, the definitions of foreign proceeding and foreign representative are codified as sections 101(23) and 101(24), obviously in chapter 1. Sections 109(b) and (e) are referenced in section 1501(c) and apply as therein stated. So parts of chapter 1, and parts of section 109 apply in chapter 15 in specified instances, but other provisions of chapter 1, such as restrictions on petition preparers, qualifications of credit counseling agencies and requirements to be a debtor under the Plenary Chapters, cannot logically apply to chapter 15.[20]

The infirmity of the Barnet decision is underscored by the Second Circuit's flawed digression on the foreign representative's additional discovery request under 28 U.S.C. §1782. The Court speculated that the availability of a remedy under section 1782, ostensibly simpler than seeking Recognition and discovery relief under chapter 15, may have explained why Congress "restricted" the remedy under chapter

---

[19] Outside of the chapter 15 context, foreign entities often take advantage of the robust restructuring law embodied in chapter 11 and directly commence cases chapter 11 cases, subject to satisfying the §109(a) U.S. Presence requirement. *See, e.g In re Aerovias Nacionales De Colombia S.A. Avianca*, 303 B.R. 1 (Bankr. S.D.N.Y. 2003) (chapter 11 of Colombian airline); Oscar Couwenberg, Stephen J. Lubben, *Corporate Bankruptcy Tourists*, 70 Bus. Lwr. 719 (2015).
[20] §§110, 111, 109.

15 (as it erroneously concluded). But the Second Circuit, rather stunningly, failed to note that a foreign representative cannot seek judicial assistance in a U.S. court, including under 28 U.S.C. §1782, without first obtaining Recognition.[21]

## II. THE SEPARATE DEFINITION OF DEBTOR FOR PURPOSES OF CHAPTER 15 PRECLUDES THE APPLICATION OF SECTION 109(a) TO RECOGNITION

Application of section 109 (a) to a chapter 15 petition is not required by the plain meaning or any reasonable construction of the relevant statutes. Section 109 imposes requirements for a person to be "a debtor in a case under this title." *i.e.*, title 11. It applies where a debtor seeks relief under one of the Plenary Chapters. As the Courts below recognized, a foreign representative seeks Recognition of a foreign proceeding and such Recognition does not transform the §1502 Debtor in the foreign proceeding into "a debtor under this title."

The §1502 Debtor is the "entity that is the subject of a foreign proceeding" and it is the foreign proceeding that is the subject of the case under Bankruptcy Code, not the §1502 Debtor. The §1502 Debtor never becomes a §101(13) Debtor in a case under one of the Plenary Chapters. Indeed, section 1502, unlike the Bankruptcy Code's other chapter-specific definitional sections, is given an expansive scope by its introductory language, "For the purposes of this chapter…"[22] "Debtor" as defined in section 1502(1) should be applied in any context under the Code that involves

---

[21] 11 U.S.C. §1509(b).

[22] See, e.g. §1101 ("In this chapter –[terms mean]")

chapter 15. For the purposes of chapter 15, including Recognition, section 1502(1) supplants section 101(13).[23]

In *Georg v. Parungao (In re Goerg),* 844 F.2d 1562 (11th Cir. 1988), this Court carefully considered the use of the term "debtor" in connection with a petition for relief under section 304 of the Bankruptcy Code, the repealed predecessor to chapter 15. The Court held that the term "debtor" as used in section 304 should be defined under foreign law, not domestic law, and that the fact that decedents' estates could not file a bankruptcy petition under U.S. law should not preclude recognition of a case from a foreign jurisdiction that permitted such a filing. Consideration of the term "debtor" as used in section 109(a) with the same care and, indeed, common sense as this Court used in *Georg* confirms the decisions below.

The *Barnet* Court said that the fact that certain of the provisions of chapter 15 do use the word "debtor" -- referring *e.g.*, to section 1521, "entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative"— bolstered its conclusion that "debtor" as used in section 109(a) includes "foreign debtor." But for chapter 15 purposes, certainly including section 1521, the term "debtor" means

---

[23] It is noteworthy that section 101(23), which defines "foreign proceeding," uses the term "debtor" when its obvious reference is to the debtor that is the subject of a foreign proceeding. Congress did not need to specify "debtor" or "debtor subject to a foreign proceeding" when the meaning of the terms was clear from the context in which they were used.

the "entity that is the subject of a foreign proceeding" and the Second Circuit's reasoning is not persuasive. The Second Circuit proffered that it was making a plain meaning determination in *Barnet* but its strained interpretations belie a plain meaning determination. The §1502 Debtor definition – for the purposes of chapter 15 – means that the debtor in the foreign proceeding will never be a debtor in a case under Title 11 and consequently will not be subject to the requirements of section 109(a).

## III.  APPLYING SECTION 109(a) TO CASES FILED UNDER CHAPTER 15 WOULD DRASTICALLY LIMIT THE RELIEF AVAILABLE UNDER THAT CHAPTER AND UNDERMINE ITS PURPOSES.

Were section 109(a) applicable to Recognition, as requested by Appellant, it would have serious deleterious effects that are contrary to the statutory purpose of "…provid[ing] effective mechanisms for dealing with cases of cross-border insolvency…"[24]  Among the many errors in the Appellant's brief, the most egregious is the statement on p. 16 that "There would be no purpose to a chapter 15 case unless the debtor either resides or has a domicile, place of business, or some property in the United States.  Without some such connection to the United States, a chapter 15 case would be pointless."  This statement is without support in the record, and it is belied by the purpose and intent of chapter 15.

---

[24] 11 U.S.C. §1501(a).

Chapter 15 has many purposes that do not depend on whether a debtor in a foreign proceeding has a U.S. domicile or place of business or property in the United States. As discussed in the Appellee's brief, chapter 15 was designed to provide a straightforward mechanism for the Recognition of foreign proceedings and the granting of relief, including enforcement of foreign insolvency judgments, orders, and decrees of all types. One of the stated purposes of chapter 15 is "facilitation of the rescue of financially troubled businesses"[25] and relief in a chapter 15 case can, and often does, include the enforcement in the United States of a foreign reorganization plan. *See, e.g.*, *In re Vitro S.A.B. de C.V.,* 701 F.3d 1031, 1044 n. 42 (5th Cir. 2017) (denying enforcement of a Mexican reorganization plan tainted by irregularities but recognizing that such enforcement is possible in appropriate circumstances); *In re Modern Land (China) Co.*, 2022 WL 2794014 (Bankr. S.D.N.Y. Jul. 18, 2022) (recognizing a Cayman Islands' scheme of arrangement and enforcing the reorganization plan and discharge of debt); *In re Rede Energia, S.A.,* 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014) (enforcing Brazilian reorganization plan).

Whether the foreign debtor had a residence, domicile, place of business or property in the United States is irrelevant to the need to seek Recognition and relief in a chapter 15 case to bind U.S. creditors and other affected parties to the terms of a

---

[25] 11 U.S.C. §1501(a)(5).

19

reorganization approved in a foreign proceeding. It is the presence of creditors or such other parties (typically financial intermediaries) in the United States in such a case that counts. Debt issued by foreign companies is frequently governed by New York law. To discharge or modify a New York law instrument pursuant to the terms of a foreign reorganization plan and to direct a U.S.-based indenture trustee or other financial intermediary to take steps to implement or honor the debt discharge or modification, an order of a U.S. court may be necessary. A foreign representative of that proceeding must commence a chapter 15 proceeding since the necessary relief can only be requested "upon recognition." *See In re Modern Land (China), Ltd., supra* (enforcing a Cayman Islands restructuring that modified New York law governed debt). Whether the debtor in the foreign proceeding has property, a domicile, a place of business or residence in this country is irrelevant to the need for relief under chapter 15 to assist the foreign proceeding.[26]

---

[26] A good example is the chapter 15 case of Nordic Aviation Capital Designated Activity Company, an aircraft lessor negatively impacted by the Covid pandemic. The foreign debtor obtained default waivers and payment deferrals pursuant to an Irish scheme of arrangement (a restructuring proceeding conducted under corporate law requiring approval of creditors and the court). It then sought and obtained Recognition and enforcement of the Irish scheme under chapter 15. The U.S. court's order granting Recognition and enforcement addressed the necessary actions of the financial intermediaries: "11. Each Facility Agent and Security Trustee and, in each case, any successor thereto are hereby authorized to take any lawful actions or execute any documents that may be necessary to consummate the transactions contemplated by the Irish Orders, the Amended Scheme, and the Waiver and Deferral… 12. Consistent with and to the extent set forth in Section II, Clause 6.1 of the Amended Scheme, each Facility Agent and Security Trustee shall incur no liability to any person for carrying out any instructions given to any such Facility Agent or Security Trustee under…the Amended Scheme…" *In re Nordic Aviation Capital Designated Activity Company*, Case. No. 20-11410, Doc. No. 29 (Bankr. S.D.N.Y. Jul. 24, 2020).

The instant case vividly illustrates the possible consequence of misapplication of the section 109(a) eligibility requirement to Recognition. The foreign representative commenced this case because the debtor may have concealed property in the United States. Locating a foreign debtor's property is a frequent goal of foreign administrators in commencing cases under chapter 15. *See, e.g.*, *In re Massa Falida do Banco Cruzeiro do Sol, S.A.*, 567 B.R. 212 (Bankr. S.D. Fla. 2017) and 2021 WL 734865 (Bankr. S.D. Fla. Jan. 15, 2021) (funds diverted through fraudulent scheme and allegedly used to purchase U.S. property in the name of offshore shell corporations); *In re Markus*, 610 B.R. 64 (Bankr. S.D.N.Y. 2019) (turnover of property that foreign debtor had transferred to a trust); *In re Lee,* 472 B.R. 156 (Bankr. D. Mass. 2012) (turnover of foreign debtors' equity interest in U.S. entities). A foreign representative may be unable to identify or locate that property prior to Recognition. If the foreign debtor contests the petition, contending that he has no property in the United States, must Recognition and discovery relief be denied and the case be dismissed?

Denial of Recognition under a statute which is designed to enable assistance in the United States to a foreign representative would be oxymoronic. How is the foreign representative to demonstrate that the debtor has assets in the United States, when the primary purpose of the case is to discover and pursue assets in this country? This surely unintended conundrum would place a foreign debtor, such as Mr. Al-Zawawi,

in control of the foreign representative's ability to pursue assets concealed in the United States and would be antithetical to the goals and purposes of Chapter 15. This Court should not reverse the decisions below and invite a foreign debtor to secrete property in this country and to block its discovery and recovery by interjecting the U.S. Presence requirement of section 109(a). Such a rule would make the United States a safe haven for property looted from a foreign estate.

Appellant claims that he has no property in the United States because he owns certain assets indirectly through a Curaçao holding company. He virtually admits that he contrived to divest himself of his interest in an entity known as Texas Q Zone, Inc. and therefore claims it is not "his" property purposes of Recognition.[27] The need to make an ownership determination prior to Recognition would impede one of the purposes of all bankruptcy laws to promote the speedy and direct resolution of issues. It would:

> risk additional federal litigation, additional costs, and additional delays. That result would interfere with 'a chief purpose of the bankruptcy laws': ' 'to secure a prompt and effectual' 'resolution of bankruptcy cases' 'within a limited period.' (internal citations omitted)

*Taggart v. Lorenzen,* 139 S. Ct. 1795, 1803 (2019).

We acknowledge that the impact of the rule in the Second Circuit that section 109(a) must be satisfied in a chapter 15 case has been mitigated by the

---

[27] Appellants' Opening Brief, p. 25.

finding in many cases that a small amount of property in the United States will satisfy the test.  *See, e.g.*, *In re Suntech Power Holdings Co. Ltd.,* 520 B.R. 399 (Bankr. S.D.N.Y. 2014) (retainer held by counsel for the foreign representative); *In re Ascot Fund Ltd.,* 603 B.R. 271 (Bankr. S.D.N.Y. 2019) (same); *In re Cell C Proprietary Ltd.*, 571 B.R. 542 (Bankr. S.D.N.Y. 2017) (same).  These holdings are consistent with cases considering eligibility of debtors to file full cases under chapters 7, 11 or 13, that have held that a small amount of property can satisfy the s 109(a) requirement in a plenary filing.  *See, e.g.*, *In re Iglesias*, 226 B.R. 721, 722-23 (Bankr. S.D. Fla. 1998); *In re Global Ocean Carriers, Ltd.*, 251 B.R. 31 (Bankr. D. Del. 2000).  Nonetheless, this case illustrates that even a low hurdle can impede the proper application of the statute.

Where the existence of a foreign debtor's property is in dispute, the foreign representative may not have access to funds to use as a retainer to satisfy the U.S. Presence requirement of section 109(a).  Since there is no requirement that section 109(a) be satisfied or that a debtor in a foreign proceeding have property in the United States before a foreign representative can obtain recognition of a foreign proceeding under chapter 15, this Court need not reach the issue addressed in the main briefs of how much property is sufficient.

Application of a requirement for  U.S. Presence before a foreign representative can seek Recognition is so clearly contrary to the purposes of chapter

15 that Congress cannot have intended that it would apply. It would truncate relief available in many such cases, brought *inter alia* because of the presence of creditors or other affected persons in the United States. It could require the bankruptcy court to deal with the question whether the foreign debtor had managed to shift property ownership to another entity before the foreign representative was able to commence the chapter 15 case in which it might obtain that information. It would incentivize an absconding foreign debtor to hold property through a myriad of holding companies. This result is not required by a fair reading of the statute.

## CONCLUSION

The decisions below should be affirmed.


Dated: September 19, 2022        Respectfully submitted:

By: */s/ Jacqueline Calderin*
Jacqueline Calderin
Robert P. Charbonneau
Agentis Law
55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
Tel. 305.722.2002
*JC@agentislaw.com*
*RPC@agentislaw.com*

*Attorneys for Amici Curiae*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) because this brief contains 6,178 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.


*/s/ Jacqueline Calderin*

*Counsel for Amici Curiae*