No. 22-11024-AA

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Talal Qais Abdulmunem Al Zawawi,

*Appellant,*

v.

Colin Diss, et al,

*Appellees.*

Appeal from the United States District Court
for the Middle District of Florida

District Court Case No.: 6:21-cv-00894-GAP
Bankruptcy Court Case No.: 6:21-bk-01251-LVV

## APPELLANT'S RESPONSE IN OPPOSITION TO MOTION OF AMERICAN COLLEGE OF BANKRUPTCY, DANIEL GLOSBAND, JAY WESTBROOK, PATRICIA REDMOND, AND ALLAN L. GROPPER, FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF APPELLEE AND AFFIRMANCE

NICHOLAS A. SHANNIN, B.C.S
Florida Bar No.: 0009570
Email: service@shanninlaw.com
      nshannin@shanninlaw.com
SHANNIN LAW FIRM, P.A.
214 South Lucerne Circle East, Suite 200
Orlando, Florida 32801
Telephone: (407) 985-2222

KENNETH D. HERRON, JR., ESQUIRE
Florida Bar No.: 699403
Email: chip@herronhilllaw.com
      lauren@herronhilllaw.com
HERRON HILL LAW GROUP, PLLC
Post Office Box 2127
Orlando, Florida 32802
Telephone: (407) 648-0058

*Counsel for Appellant, Talal Qais Abdulmunem Al Zawawi*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure Rule 26.1 and Eleventh Circuit Rule 26.1-1, Appellant, Talal Qais Abdulmunem Al Zawawi, provides the following Certificate of Interested Persons and Corporate Disclosure, which includes a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

"In bankruptcy appeals, the CIP must also identify each debtor, the members of the creditor's committee, any entity which is an active participant in the proceedings, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings." 11th Cir. R. 26.1-2(a)

I.    **CORPORATE DISCLOSURE.**

There are no nongovernmental corporations that are parties to this proceeding.

## II.   INTERESTED PERSONS.

1.   Al Zawawi, Talal Qais Abdulmunem, *Appellant, Foreign Debtor*

2.   Blanco, Leyza F., *Attorney for the Appellees and Foreign Representatives in the underlying Chapter 15 Bankruptcy Case*

3.   Davie, Hannah, *Appellee and Foreign Representative in the underlying Chapter 15 bankruptcy Case*

4.   Diss, Colin, *Appellee and Foreign Representative in the underlying Chapter 15 Bankruptcy Case*

5.   Edwards, Ted, *Attorney for the discovery targets*

6.   Hawthorne Groves Apartments, Inc., *a discovery target*

7.   Hawthorne Landing, Inc., *a discovery target*

8.   Hawthorne Village at Port Orange, Inc., *a discovery target*

9.   Herron, Kenneth D., Jr., *Attorney for Appellant/Foreign Debtor and the discovery targets*

10.   Herron Hill Law Group, PLLC, *Attorneys for Appellant and the discovery targets*

11.   Law Office of Ted Edwards, P.A., *Attorney for the discovery targets and a discovery target*

12.   Mackinnon, Alexander C., *a discovery target*

13.     Mendoza, Juan J., *Attorney for the Appellees and Foreign Representatives in the underlying Chapter 15 Bankruptcy Case*

14.     Presnell, Hon. Gregory A., *United States District Judge*

15.     Qapa Holdings, Inc., *a discovery target*

16.     Qapa Investing Company U.S.A., Inc., *a discovery target*

17.     Rajasekhar, Kandoth Unnikrishnan, *a discovery target*

18.     Sequor     Law,     *Attorneys     for     the     Appellees/Foreign Representatives in the underlying Chapter 15 Bankruptcy Case*

19.     Shannin, Nicholas A., *Attorney for Appellant*

20.     Shannin Law Firm, P.A., *Attorneys for Appellant*

21.     Texas Q Zone, Inc., *a discovery target*

22.     Vaughn, Hon. Lori V., *United States Bankruptcy Judge*

## III.     BANKRUPTCY DISCLOSURES.

23.     Debtor:  Al Zawawi, Talal Qais Abdulmunem, is identified above as the Foreign Debtor and putative debtor in the underlying Chapter 15 bankruptcy case.

24.     Members of the creditor's committee: <u>None</u>.

25.     Active participants in the bankruptcy case, and other entities whose stock or equity value may be substantially affected by the outcome of the proceedings: <u>None</u>.

## IV.    CERTIFICATION PURSUANT TO RULE 26.1-3(b).

I HEREBY CERTIFY, pursuant to 11th Circuit Rule 26.1-3(b) that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

I HEREBY FURTHER CERTIFY, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and bankruptcy judge assigned to this case, and will immediately notify the Court in writing upon learning of any such conflict.

---

## APPELLANT'S RESPONSE IN OPPOSITION TO MOTION OF AMERICAN COLLEGE OF BANKRUPTCY, DANIEL GLOSBAND, JAY WESTBROOK, PATRICIA REDMOND, AND ALLAN L. GROPPER, FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF APPELLEE AND AFFIRMANCE

---

Pursuant to Rule 27(a)(3), Appellant, Talal Qais Abdulmunem Al Zawawi, responds to the Motion of American College of Bankruptcy, Daniel Glosband, Jay Westbrook, Patricia Redmond, and Allan L. Gropper for Leave to File Amicus Curiae Brief, and in opposition to that motion states as follows:

## I.    OBJECTION TIMELY PROVIDED TO MOVANT

This Response starts at Movants' ending, noting that the Movants have alleged that their counsel "reached out to counsel for the Debtor … in a good faith effort to resolve by agreement the relief requested in the Motion and has been unable

to do so as of the filing of this Motion." (Motion, p. 7). This statement is flatly incorrect. Movants' counsel had acknowledged six days prior to their motion their receipt of Debtor's counsel's unequivocal statement that "We oppose the request - for the same reasons we expressed when the request was made to the District Court." A copy of that email correspondence is attached to this Response as Exhibit A. It is recognized that an objection to the filing of an amicus curie brief is not dispositive upon the discretion of the Court to grant or deny such relief, but it was important to clarify that Appellant's counsel promptly raised their objection, and that the objection was acknowledged by the Movants.

## II. THE REQUEST FOR LEAVE TO FILE AN AMICUS BRIEF HAS ALREADY BEEN RESOLVED ONCE BY THE DISTRICT COURT IN ITS APPELLATE CAPACITY BELOW.

As this Court is familiar, the unique nature of bankruptcy appeals includes an initial determination by the District Court acting in its appellate capacity prior to the appeal appropriately undertaken for this Court's review. 128 U.S.C. §158(d); *Sillman v.* Cassell, 688 F.3d 1291, 1294 n. 2 (11th Cir. 2012). Not referenced in the motion is the fact that a substantially identical request for leave to file an amicus curiae brief was filed with the United States District Court when it was acting in its appellate capacity. As here, counsel for the Appellant timely objected to the Movants' amicus curiae request. Upon consideration of the motion and response the

District Court denied the amicus request, a copy of that order being attached to this

response as Exhibit B. Specifically, the District Court noted that:

> The amicus brief largely duplicates arguments made in Appellee's
> briefing, and the brief would not assist with determination of this case's
> merits. For example, both the proposed amicus brief and the Appellee's
> opposition brief spend several pages interpreting and distinguishing *In
> re Barnet*, 737 F.3d 238 (2d Cir. 2013). Appellees are sufficiently
> represented by their counsel and no amicus brief is necessary here.

(Exhibit B, pp. 1-2). Nothing has changed since the assessment of the lower court

regarding the lack of need for the proffered amicus assistance, then and now.

Accordingly, this Court should deny the repeated amicus effort on this same basis.

**III. BECAUSE THE AMICUS BRIEF WOULD BE DUPLICATIVE OF THE WELL-REPRESENTED INTERESTS OF THE APPELLEES AND ENTIRELY UNNECESSARY FOR THIS COURT'S DETERMINATIONS, THE OBJECTED TO MOTION SHOULD BE DENIED.**

As noted above, the District Court specifically found that the amicus brief

would raise largely duplicative arguments and that Appellees were sufficiently

represented by their counsel, determining that no amicus brief is necessary. (Exhibit

B, pp. 1-2). That decision tracked the standards by which this Court should evaluate

this decision, where appellate courts have held that the allowance of amicus briefs

may be appropriate "When a party is not represented competently or is not

represented at all, when the amicus has an interest in some other case that may be

affected by the decision in the present case (though not enough affected to entitle the

amicus to intervene and become a party in the present case), or when the amicus has

unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Halo Wireless, Inc. v. Alenco Communs. Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The court in *Halo Wireless* continued that "Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Halo Wireless*, 684 F.3d at 596 (quoting *NOW, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).

In *NOW*, Judge Posner explained that amicus briefs impose additional, unwelcome burdens on the court and the parties; that "[a]micus curiae briefs, which we believe though without having proof are more often than not sponsored or encouraged by one or more of the parties in the cases in which they are sought to be filed, may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally"; and that "Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal." *NOW, Inc.*, 223 F.3d at 616-17. As such, the policy of the Seventh Circuit is "not to grant rote permission to file an amicus curiae brief; never to grant permission to file an amicus curiae brief that essentially merely duplicates the brief of one of the parties . . . ; to grant permission to file an amicus brief only when (1) a party is not adequately represented (usually, is not represented

at all); or (2) when the would-be amicus has a direct interest in another case, and the

case in which he seeks permission to file an amicus curiae brief may, by operation

of stare decisis or res judicata, materially affect that interest; or (3) when the amicus

has a unique perspective, or information, that can assist the court of appeals beyond

what the parties are able to do." *Id.* (citations omitted).

Applying the foregoing principles to this case, there is no evidence that the

Appellees are poorly represented, or that their position has been inadequately stated.

To the contrary, all indications are the Appellees have been and continue to be aptly

and ably represented by current counsel of record in the case.[1]  In short, Appellees

do not need any outside assistance.

Nor is there any indication that Movants have any actual interest in this case,

other than the casual, academic interest they have as a matter of intellectual curiosity,

which is the same that any other legal scholar or commentator may have generally.

Movants have not identified any pending or potential case in which they have a direct

and cognizable interest that would be materially affected by the outcome of this case.

---

[1] Leyza Blanco, Esq. is lead counsel for Appellees.  Per her law firm's website, Ms.
Blanco currently serves as an officer of the Business Law Section of the Florida
Bar and Finance Director of the International Women's Insolvency and
Restructuring Confederation.  She is the Former Chairman of the
Bankruptcy/Trade Law Committees of the Florida Bar's Corporate Law and
Former President of the South District Florida Bankruptcy Lawyers.  See
*https://www.sequorlaw.com/attorneys/leyza-f-blanco*.

Amicus briefs from nonparty commentators who have no actual, cognizable interest in a case, other than a merely intellectual or academic interest should not be accepted by this Court. *See Am. Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983) (explaining that "[t]he law professors do not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and give only their concern about the manner in which this court will interpret the law as the basis for their brief. Since there is no indication that the parties to the lawsuit and those parties who have been granted leave to file a brief amicus curiae will not adequately present all relevant legal arguments, there is no persuasive reason to grant the motion"); *See also* John Harrington, "Amici Curiae in the Federal Courts of Appeal: How Friendly Are They?" 55 Case W. Res. L. Rev. 667, 692-93 (2005) (noting that "[s]ince there is very little value in allowing broad systematic amicus participation in federal appeals court, efforts to restrain participation are appropriate").

Although Movants claim that they have a unique perspective, their proposed brief remains largely duplicative of arguments already presented in Appellees' Response Brief. When an amicus brief "essentially duplicates a party's brief," it does not offer anything helpful and should not be entertained. *E.g., Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003). Accordingly, the Movants propose to add a duplicative brief that would simply join in arguments

already raised by a well-represented party, and to speculate on congressional intent, a matter already addressed in the briefing at hand. This Court should utilize its discretion and decline the prejudicial addition of an unnecessary amicus brief in this matter.

## IV.  CONCLUSION

The motion for leave to file amicus brief was immediately and timely opposed, contrary to the statement made within the motion itself. That objection was consistent with the same objection raised when the same Movants sought leave to file their amicus brief before the District Court. As the District Court ruled below, that brief would have been duplicative and unnecessary, a ruling that remains equally applicable here. For each of these reasons, Appellant respectfully requests this Court to deny the Motion for Leave to File Amicus Curiae Brief in Support of Appellee and Affirmance.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing Response complies with Fed. R. App. P. 27(d)(2)(A); the typeface is Times New Roman 14, and this Response does not exceed 5,200 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2022, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the

Eleventh Circuit by using the appellate CM/ECF system, which will send a notice

of electronic filing to the following:

Leyza F. Blanco, Esquire
Juan J. Mendoza, Esquire
Email:  lblanco@sequorlaw.com
        jmendoza@sequorlaw.com
Sequor Law
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
*Counsel for the Appellees*

Kenneth D. Herron, Jr., Esquire
Email:  chip@herronhilllaw.com
        lauren@herronhilllaw.com
Herron Hill Law Group, PLLC
Post Office Box 2127
Orlando, Florida 32802
*Co-Counsel for Appellant*

*/s/ Nicholas A. Shannin*
NICHOLAS A. SHANNIN, B.C.S
Florida Bar No.:  0009570
Email:  service@shanninlaw.com
        nshannin@shanninlaw.com
SHANNIN LAW FIRM, P.A.
214 South Lucerne Circle East, Suite 200
Orlando, Florida 32801
Telephone:  (407) 985-2222
*Counsel for Appellant,*
*Talal Qais Abdulmunem Al Zawawi*

**EXHIBIT A**

| From: | Jacqueline Calderin |
| To: | Kenneth Herron |
| Cc: | Nick Shannin; Ted Edwards |
| Subject: | Re: [External] In re. Talal Qais Abdulmunem Al Zawawi |
| Date: | Tuesday, September 13, 2022 11:46:13 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Thank you Chip


Sent from my handheld device.
Please pardon any typos.

_____

**Jacqueline Calderín**
**Attorney**
jc@agentislaw.com



55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
T 305.722.2002

www.agentislaw.com



NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.


On Sep 13, 2022, at 10:56 AM, Kenneth Herron <chip@herronhilllaw.com>

wrote:

Jackie – Thanks for the email. We oppose the request - for the same reasons we expressed when the request was made to the District Court.

Regards –

Chip Herron

**Kenneth D. (Chip) Herron, Jr.**
Herron Hill Law Group, PLLC
214 S. Lucerne Cir E., Orlando, Fl. 32801

**Phone:** 407-648-0058
**Mobile:** 321-231-4500
**Web:** www.herronhilllaw.com
**Email:** chip@herronhilllaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Jacqueline Calderin <JC@agentislaw.com>
**Sent:** Monday, September 12, 2022 6:44 PM
**To:** Kenneth Herron <chip@herronhilllaw.com>
**Subject:** RE: In re. Talal Qais Abdulmunem Al Zawawi

Dear Chip,

I trust this finds you well.

As you know, our firm represents Amicus Curiae, Professor Jay Westbrook and Daniel Glosband, now joined by the American College of Bankruptcy, Patricia Redmond, and Allan Gropper. We will be filing a Motion for Leave to File an Amicus Brief. May we advise the Court that you consent to the filing of the brief? If you do consent, we will follow with a form of Motion and Agreed order. Any objection? I look forward to hearing from you soon and will get the motions to you shortly.

Thank you and kind regards,

Jacqui

---

**Jacqueline Calderín**
Attorney
jc@agentislaw.com



55 Alhambra Plaza
Suite 800
Coral Gables, Florida 33134
T 305.722.2002
www.agentislaw.com



NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

---

**Jacqueline Calderín**

Attorney

jc@agentislaw.com

<image001.png>

55 Alhambra Plaza

Suite 800

Coral Gables, Florida 33134

T 305.722.2002

www.agentislaw.com

<image002.png>

<image003.png>

NOTICE: The information contained in this email and any document attached hereto is intended only for the named recipient(s). If you are not the intended recipient, nor the employee or agent responsible for delivering this message in confidence to the intended recipient(s), you are hereby notified that you have received this transmittal in error, and any review, dissemination, distribution or copying of this transmittal or its attachments is strictly prohibited. If you have received this transmittal and/or attachments in error, please notify me immediately by reply e-mail and then delete this message, including any attachments.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of

the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re: Talas Qais Abdulmunem Al
Zawawi

TALAS QAIS ABDULMUNEM AL
ZAWAWI,

          Appellant,

v.                                Case No:  6:21-cv-894-GAP

COLIN DISS, HANNAH DAVIE, and
MICHAEL LEEDS,

          Appellees.
_____

ORDER

This matter is before the Court on the Motion for Leave to File an Amicus

Brief in Support of Appellee filed by Daniel M. Glosband and Professor Jay L.

Westbrook (together, "Movants") (Doc. 20). Appellant filed a response in

opposition (Doc. 23).

Upon consideration, the motion will be denied. The amicus brief largely

duplicates arguments made in Appellee's briefing, and the brief would not assist

with determination of this case's merits. For example, both the proposed amicus

brief and the Appellee's opposition brief spend several pages interpreting and

distinguishing *In re Barnet*, 737 F.3d 238 (2d Cir. 2013). Appellees are sufficiently represented by their counsel and no amicus brief is necessary here.[1]

It is therefore **ORDERED** that:

1. The Motion for Leave to File an Amicus Brief (Doc. 20) is **DENIED**.

2. The Unopposed Motion for Extension of Time to File Reply Brief (Doc. 24) is **GRANTED**. Appellant shall file his reply brief on or before December 13, 2021.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 6, 2021.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Appellant also filed an unopposed motion (Doc. 24) seeking seven additional days from entry of an "order resolving the" amicus motion discussed here. That motion will be granted.

- 2 -